IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EDWARD BANKO,                          )
                                       )
            Plaintiff                  )     Civil Action No. 06 - 946
                                       )
            vs.                        )     Judge Thomas M. Hardiman/
                                       )     Magistrate Judge Lisa
MARK BROOKS, Assistant District        )     Pupo Lenihan
Attorney of Fayette County, JUDGE      )
JOHN WAGNER, Fayette County Court      )
of Common Pleas, MARK MEHALOV,         )
Assistant District Attorney of         )
Fayette County, THOMAS SHAFFER,        )
Assistant to the Public Defender,      )
RUSSELL FREED, Pa. State Trooper,      )
JAMES WHICKER, Pa. State Police of     )
Fayette County, BRENDA CAVALCANTE,     )
District Magistrate, Masontown,        )
Pa., CLINTON FERRIS, Pa. Attorney      )
General's Office, VIDONISH, Pa.        )
Attorney General's Office, JAMES       )
STASKO, Fayette County Parole          )
Officer, JAMES WILLIAMS, Fayette       )
County Parole Officer, JAMES           )
WILLIAMS, Fayette County Parole        )
Officer, JASON CHESS, Fayette          )
County Parole Officer, JUDGE GERALD)
SOLOMON, Fayette County Court of       )
Common Pleas, THE DISCIPLINARY         )
BOARD OF THE SUPREME COURT OF          )
PENNSYLVANIA, and THE JUDICIAL         )
CONDUCT BOARD OF PENNSYLVANIA,         )
                                       )
            Defendants                 )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

**REPORT**

Edward Banko ("Plaintiff") is currently incarcerated in SCI-Waymart.  He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue a whole host of defendants, all of whom were somehow involved in his criminal convictions and prosecutions, or, in the case of the Pennsylvania Disciplinary Board and the Judicial Conduct Board, they are defendants because they apparently failed to respond as he desired to Plaintiff's requests to them for assistance in punishing or investigating his allegations of judicial and attorney misconduct.  Even accepting as true all of Plaintiff's allegations against the Defendants, the complaint must be dismissed for failing to state a claim because the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994) as for all the defendants with the possible exception of the Disciplinary and Judicial Conduct Boards, against whom claims are barred by Eleventh Amendment immunity.

**A. Relevant Facts and Procedural History**

According to the complaint, a voluminous conglomeration of various documents, Plaintiff is alleging a conspiracy among all of the defendants to convict him of three separate crimes in the Fayette County Court of Common Pleas.  He is alleging a cause of action under 42 U.S.C. § 1983 contending that the Defendants violated his federal rights.  Doc. 3-1 at 1. (Checking Section 1983 line on the pre-printed form).

Briefly the facts are as follows. On February 2, 2004, Petitioner was arrested due to an allegedly illegal search and found to have 74 grams of cocaine in his possession as well as drug paraphernalia. Doc. 3-1 at 10. After the arrest, he allegedly agreed to become an confidential informant for the Pennsylvania State police with his contact Trooper being Jim Dimarchi. Doc. 3-1 at 13. In exchange for the agreement, Plaintiff alleges that Trooper Jim Dimarchi agreed to provide him complete immunity from prosecution and to place Plaintiff and his family in the witness protection program. Id. Apparently at the time, Petitioner was under supervision of the Fayette County probation or parole office. This arrest on February 2, 2004, eventually resulted in charges being filed at Case No. 1381 of 2005 in the Fayette County Common Pleas Court.

On March 17, 2004, Plaintiff was again arrested, but this time, by his county parole officer James Williams, because Plaintiff was found to be in possession of a small amount of cocaine. Plaintiff complains that he was acting in his capacity as a confidential informant and conducting an unsupervised buy which was approved by Trooper Jim Dimarchi. Doc. 3-1 at 13. Plaintiff further complains that James Williams refused to listen to his explanation. This arrest resulted in Criminal Case No. 850 of 2004.

Plaintiff complains that after his arrest by James Williams

on March 17, 2004, while Plaintiff was being held in the Fayette County Parole office, Pennsylvania State Trooper Freed, Assistant District Attorney Mark Brooks, Trooper Jim Dimarchi,  and Parole Officers James Stasko and James Williams, "Conspired and to Convict" (Doc. 3-1 at 11) the Plaintiff instead of upholding the confidential informant agreement Plaintiff had allegedly entered into with Trooper Jim Dimarchi on February 2, 2004.  <u>See</u> <u>also</u> Doc. 3-1 at 13 - 14.

Later, on the date of March 17, 2004, at the suggestion of P.O. Stasko, two other defendants, namely, P.O. Williams and P.O. Miller conducted a search of Plaintiff's wife's home, which they also believed to be Plaintiff's home, although Plaintiff explained to them that it was not.  At that home, 50.6 grams of cocaine were confiscated and Plaintiff was charged with possession, and intent to deliver and manufacturing of a controlled substance.  Doc. 3-1 at 12.  This resulted in criminal charges at Case No. 856 of 2004.  See Doc. 3-1 at 11.

Apparently, the criminal charges in Case Nos. 850 and 856 were brought to trial first even though the underlying facts of Case No. 1381 of 2005 occurred first in time, i.e., February 2, 2004 before the facts giving rise to No. 850 and 856 of 2004, i.e., March 17, 2004.  Plaintiff sees in this evidence of a grand conspiracy to convict him first of the March 17, 2004 charges because, according to Plaintiff, "Law Enforcement can charge the

4

petitioner with three separate cases, 1381, 850 & 856.  In order
to receive a conviction on cases 850-856/04 the prosecution
cannot involve case 1381/04 [sic, should be "1381/05"] with case
850-856/04, the court would find that petitioner not guilty due
to the truth of case 1381/04, the petitioner in fact was a
contracted Confidential Informant."  Doc. 3-1 at 15.

The remainder of the voluminous complaint contains various
documents and adds some details about the alleged conspiracy
among all of the defendants to convict him of the three criminal
cases.  Perhaps the most coherent recounting of the facts of the
case are to be found at Doc. 3-2 at 26 - 29 (a memorandum of law
in support of a pre-trial motion filed in case no. 1381 of 2005).

In contrast to the foregoing charges of conspiracy, the
allegations against the Disciplinary Board and the Judicial
Conduct Board are not that they entered into a conspiracy with
the other Defendants, but that they failed to investigate the
charges Plaintiff made to these bodies concerning the other
defendants who were attorneys and judges.  See Doc. 3-1 at 44.

### B. Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996),
Congress adopted major changes affecting civil rights actions
brought by prisoners in an effort to curb the increasing number
of oftentimes frivolous and harassing law suits brought by
persons in custody.  See Santana v. United States, 98 F.3d 752,

755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that-  (A) the allegation of poverty is untrue; or  (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, Doc. 2,  and is a prisoner within the meaning of 28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

6

actions that are frivolous or fail to state a claim."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>See</u>, <u>e.g.</u>, <u>Powell v. Hoover</u>, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); <u>Tucker v. Angelone</u>, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), <u>aff'd</u>, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favor-able to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. <u>See</u>  <u>Estelle v.</u>

Gamble, 429 U.S. 97 (1976).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of

law.  See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169,
178 (3d Cir. 2000) ("In a Rule 12(b)(6) motion, the court
evaluates the merits of the claims by accepting all allegations
in the complaint as true, viewing them in the light most
favorable to the plaintiffs, and determining whether they state a
claim as a matter of law.").

   **C.  Discussion**

   Plaintiff is essentially alleging that all of the Defendants
conspired to convict him of all three criminal cases, lied about
him being a confidential informant, and denied him the benefit of
his bargain which promised him immunity from prosecution when he
agreed to be a confidential informant.

   If Plaintiff were successful on his claims in the complaint
that the Defendants conspired to convict him under false
pretenses, denying him the benefit of his bargain and lied about
the facts of his convictions, such claims would necessarily call
his convictions into question.  The rule announced in Heck v.
Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack
on the validity of a conviction via a civil rights suit, bars
this suit until and unless Plaintiff's convictions are otherwise
called into doubt.

   In Heck, a state prisoner convicted of voluntary
manslaughter brought a civil rights action against prosecutors
and a police investigator, asserting that the defendants, acting

under color of state law, had engaged in an unlawful,

unreasonable and arbitrary investigation, leading to Heck's

arrest; had knowingly destroyed evidence that could have proven

Heck's innocence and caused an illegal voice identification

procedure to be used at his state trial.  Heck, 512 U.S. at 479.

The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.   A claim for damages
> bearing that relationship to a conviction or sentence
> that has *not* been so invalidated is not cognizable
> under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that the Defendants

conspired to falsely convict him, lying in the course of the

criminal proceedings and committing perjury concerning

Plaintiff's status as a confidential informant, would necessarily

render his convictions or sentences invalid, the reasoning of

Heck, renders his claims non-cognizable in this civil rights

action absent an invalidation of those convictions. See, e.g.,

See, e.g., Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir.

1995) (holding that the plaintiff's argument that the defendants

"knowingly and willfully conspired to convict him falsely by

fabricating testimony and other evidence against him" was barred
under *Heck* because "[j]udgment in favor of Abella on these
claims [that the defendants unconstitutionally conspired to
convict him of crimes he did not commit] 'would necessarily imply
the invalidity of his conviction.' '); <u>Zhai v. Cedar Grove
Municipality</u>, Slip Copy, 2006 WL 1558623, at *1 (3d Cir. June 8,
2006) (Nonprecedential)("Zhai's conspiracy claims under 42 U.S.C.
§§ 1985-1986 are based on her allegation that the officers,
prosecutor, and judge conspired to bring false charges to secure
a release for any civil liability resulting from the incident.
However, these claims are barred, along with her challenges to
the guilty plea itself, by *Heck v. Humphrey*"); <u>Perez v. Sifel</u>,
57 F.3d 503 (7th Cir. 1995) (per curiam) (<u>Heck</u> barred § 1983
action charging conspiracy to procure conviction through perjury,
falsifying evidence, and withholding exculpatory evidence).  This
is true notwithstanding the fact, which this court takes judicial
notice of,[2] that there is no conviction as of yet in No. 1381-2005

---

[2]  The dockets of Fayette County Court are available online.
The docket for No. 850 of 2004 is at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx
?rt=1&&ct=4&dkt=200016657&arch=0&ST=9/26/2006%2011:05:05%20AM

   The docket for No. 856 of 2004 is at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx
?rt=1&&ct=4&dkt=200017269&arch=0&ST=9/26/2006%2010:58:27%20AM

   The docket for No. 1381 of 2005 is at

insofar as the trial has not yet occurred, whereas the convictions in Nos. 850 and 856 of 2004 are final.  Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996)("In terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.").[3]

_____

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200107156&arch=0&ST=9/26/2006%2011:07:20%20AM

    [3]  The complaint does not make clear whether Plaintiff is seeking damages, or injunctive relief. However, Heck's bar does not depend on the type of relief sought. See, e.g., Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)("declaratory or injunctive relief claims . . . which challenge the validity of the claimant's conviction or sentence and seek release– are simply not cognizable under § 1983."); Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002)(in a case where a prisoner who filed a civil rights action, seeking injunctive relief that would have had the effect of invalidating his conviction, the court held that "[w]hile Heck dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction. . . . Harvey's § 1983 claim does just that. . . . Harvey claims that he is innocent and that further DNA testing will lead to his exoneration. Because he seeks to use § 1983 to invalidate a final state conviction whose lawfulness has in no way been impugned, his suit fails under Heck. It must be dismissed for failure to state a claim."); Eubank v. Ghee, 202 F.3d 268 (Table) 1999 WL 1045238, at *1 (6th Cir. 1999)("The holding in Heck applies regardless of whether the plaintiff seeks injunctive or monetary relief.").

To the extent that Plaintiff alleges the Disciplinary Board and the Judicial Conduct Board also engaged in this conspiracy to falsely convict him, which he does not appear to, the same reasoning under <u>Heck</u> applies.  To the extent that Plaintiff does not allege that these two defendants were part of a conspiracy to falsely convict him of crimes, the complaint should be dismissed as against them because they are entitled to Eleventh Amendment immunity.  <u>See</u>, <u>e.g.</u>, <u>Larsen v. Senate of the Commonwealth of Pa.</u>, 955 F.Supp. 1549, 1560 (M.D. Pa. 1997)(Court of Judicial Discipline entitled to Eleventh Amendment immunity), *rev'd in part on other grounds by*, 154 F.3d 82 (3d Cir. 1998);  <u>Law Offices of Lucas ex rel. Lucas v. Disciplinary Bd. of Supreme Court of PA</u>, 128 Fed.Appx. 235, (3d Cir. 2005)(Disciplinary Board entitled to Eleventh Amendment immunity).

For any and/or all of the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections

may constitute a waiver of any appellate rights.


<u>/s/Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: September 29, 2006


cc:  The Honorable Thomas M. Hardiman
     United States District Judge

     Edward O. Banko, Sr.
     FX-8855
     SCI Waymart
     Post Office Box 256
     Waymart, PA 18472-0256

14